New York County.—Hon. D. C. CALVIN, Surrogate.— June, 1881.

## Greer v. Greer.

*In the matter of the accounting of* George B. Greer, *trustee of* Julia Greer, *under the will of* George Greer, *deceased.*

The testator, by his will, created a trust for his daughter, directing the trustee to hold the share of the estate belonging to her; to pay to her, until her majority, rents and income sufficient for her support and education; all the rents and income thereafter, until she reached twenty-four years, and then the principal and accumulations.  He further directed the trustee to deduct and retain "out of such rents, profits, interest, and income," while he held the share, " all proper and reasonable expenses and charges, in and for the care and keeping of the same, the renting, investing, and re-investing thereof," all taxes, etc., "and the proper expenses and charges of collecting and applying such income." The trustee claimed that the words quoted were a provision for compensation in lieu of commissions.  *Held,*
1. That the words " expenses and charges," etc., referred not to compensation of the trustee, but to necessary disbursements in administration, and imported an intent that the daughter was to be supported out of the net income of the trust fund.
2. That the trustee was only entitled to commissions under the statute.
The rule for computing trustee's commissions, in such a case,—stated.

Application for the settlement of a decree on the final accounting of a testamentary trustee.

The trustee, on the final settlement of his account, in

C. H. Woodruff, *for trustee.*

G. W. Van Slyck, *for cestui que trust.*

The Surrogate.—It is claimed by the trustee's counsel, that the term "expenses and charges," for the care and keeping of the fund, and collecting and applying the

income, was intended as a provision for the compensation of the trustee for his services, instead of commissions.   I am of the opinion that the decedent, by the use of this language, did not intend to provide compensation to the trustee for the administration of his trust, in lieu of the statutory commissions, and that, if he had so intended, it would have been clearly stated ; but that he did intend that the amount realized as income should be charged with the current expenses of administration, instead of imposing such charges upon the principal fund ;—in other words, that Julia was to be supported out of the net income of the trust fund.

The provisions of the will plainly contemplate that a portion of the trust would be real estate, from which rents would be derived, and the reasonable expenses and charges for the care and keeping of the same might well refer to the care of such real estate, the necessary repairs and insurance thereof, and, perchance, the collection of the rents through an agent, or by suit.   The same might be said of securities by way of mortgage ; and the renting of the premises might involve the employment of competent counsel to draw the lease, or the renting through an agent ; and the investing and re-investing might also, as is customary, be made through an agent, and involve the examination of title to land ; and the expenses and charges of collecting and applying income may well refer to the enforced collection of rent or interest, and the application of such income might involve the transmission of funds to the beneficiary, when at school or abroad.

I am entirely clear that the trustee is only entitled to commissions according to the statute, and that they,

together with the expenses of this accounting, should be paid out of the income which has been invested by the trustee.

The rule for computing the commissions should be— full commissions of five, two and one-half, and one per cent., on the income received and paid out, and one-half of one per cent. on the amount of capital and income now remaining in the trust.

Decreed accordingly.